## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehakpreet Kaur,<br><br>                    Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>                    Respondents. | No. CV-26-00711-PHX-SHR (CDB)<br><br><br>**ORDER** |

Petitioner, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention.  (Doc. 1.)  By Order dated February 5, 2026, the Court ordered Respondents to show cause for why the Petition should not be granted.  (Doc. 3.)  The Petition is now fully briefed.  (Docs. 4, 5.)[1]  For the reasons that follow, the Court will grant the Petition and order that Petitioner be immediately released from custody.

## I.      Background

Petitioner is a native of India who entered the United States on January 15, 2025, and was taken into custody that same date.  (Doc. 4-1 ¶ 5.)  Petitioner expressed fear of returning to India, and was given a credible fear interview.  (*Id.* ¶¶ 7–8.)  On February 26, 2025, it was determined that Petitioner did have a credible fear of returning to India, and the case was referred to an immigration judge (IJ).  (*Id.* ¶¶ 9–10.)  On October 2, 2025, the IJ ordered Petitioner removed to India, but granted withholding of removal to India; the

---

[1] Petitioner has also filed a Motion for Temporary Restraining Order and Preliminary Injunction.  (Doc. 6.)

parties waived appeal and the IJ's order became final that same day. (*Id.* ¶ 11.) On October 7, 2025, immigration officials emailed "the State Department requesting third country removal assistance." (*Id.* ¶ 12.) On October 8, 2025, the State Department acknowledged the request and indicated that it had "been forwarded to State decision makers." (*Id.* ¶ 13.) No evidence of any further communication with the State Department has bene provided.

As of the date of this Order, Petitioner remains detained by ICE.

## II.     Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final.  Detention during this removal period is mandatory.  § 1231(a)(2).  If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary.  § 1231(a)(6).  That discretion, however, is not unfettered, and indefinite detention is not permitted.  *Zadvydas*, 533 U.S. at 689 (§ 1231(a)(6) "does not permit indefinite detention.").  This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired.  533 U.S. at 701.  Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment.  *Id.*  The *Zadvydas* Court concluded this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)).  *Id.*  Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  *Id.* at 699.

## III.    Discussion

Here, Petitioner's removal order became final on October 2, 2025.  Accordingly, as

of the date of this Order, Petitioner has been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*. As such, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner argues there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future because he has been granted withholding of removal to India. The Court agrees this is sufficient to demonstrate there is "good reason" to believe there is no significant likelihood of removal to India in the reasonably foreseeable future. The burden thus shifts to Respondents to respond with evidence sufficient to rebut this showing.

Respondents have not carried their evidentiary burden. The only evidence provided by Respondents is a Declaration from ICE Deportation Officer (DO) Edmundo Galvan. (Doc. 4-1.) As an initial matter—and despite the Order to Show Cause's direction that "[a]ny response must be supported by documentary evidence including, if applicable, affidavits from individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury" (Doc. 3 at 1)—it does not appear that DO Galvan has personal knowledge as to any of the asserted facts in his Declaration. Rather, DO Galvan states only that the facts provided in the Declaration "were obtained by [his] review of the file." (*Id.* ¶ 2.) Indeed, and notably, DO Galvan declares only that the Declaration is "a true and correct *summary* of the information available." (*Id.* ¶ 3 (emphasis added).) The Declaration is thus doubly flawed, in that it attempts to summarize information for which the declarant does not have personal knowledge. At best, DO Galvan has personal knowledge as to the contents of whatever "file" he reviewed, but is not qualified to attest the events described therein actually occurred or are accurately reflected in the "file" or his "summary" of them accurately reflects the facts related to Petitioner's immigration proceedings.

Moreover, DO Galvan's Declaration is insufficient to demonstrate Petitioner's

removal is significantly likely to occur in the reasonably foreseeable future.  DO Galvan's Declaration indicates, to date, officials have not identified a third country for removal, nor obtained evidence removal to such a country is significantly likely to occur in the reasonably foreseeable future.  On this record, there is no evidence to support that there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future.

The Supreme Court held in *Zadvydas* that as the period of detention grows, "what counts as the 'reasonably foreseeable future' would have to shrink."  533 U.S. at 701.  As noted, Petitioner has now been detained well beyond the presumptively reasonable period identified in *Zadvydas*, and having provided "good reason" to support his removal is not significantly likely to occur in the reasonably foreseeable future, the burden shifts to Respondents to rebut that showing with sufficient evidence.  *Id*.  Respondents have failed to do so.  Accordingly, the Court finds Petitioner's continued detention is in violation of the Fifth Amendment, and will thus grant the Petition.

**IT IS ORDERED**:

(1)     The Petition for Habeas Corpus (Doc. 1) is **GRANTED**.

(2)     Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(3)     Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

(4)     Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) is **DENIED AS MOOT**.

(5)     The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 27th day of April, 2026.

Honorable Scott H. Rash
United States District Judge

- 4 -